**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/11/2022
```

-------------------------------------------------------- x
              :

NESPRESSO USA, INC.,           :      Case No. 1:22-cv-02209 (CM) (RWL)

      Plaintiff,        :

             v.           :

PEET'S COFFEE, INC.,        :

      Defendant.      :
             :
-------------------------------------------------------- X

## STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Stipulation and Protective Order ("Protective Order") to govern the protection of Confidential Material (as defined herein), Highly Confidential—Attorneys' Eyes Only Material (as defined herein), and Highly Confidential—Outside Counsel Eyes Only Material (as defined herein), which may be produced or otherwise disclosed during the course of the above-captioned matter (the "Action").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

## I. DEFINITIONS

A. "Party" means Plaintiff Nespresso USA, Inc. and Defendant Peet's Coffee, Inc., including all of their officers, directors and employees.

B. "Action" means the above-captioned action.

1

C.      "Disclosure or Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

D.      "Protected Material" means any Disclosure or Discovery Material that is any of Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel's Eyes Only Material.

E.      The "Designating Party" is any Party or non-party who produces Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, and Highly Confidential—Outside Counsel Eyes Only Material in this Action.

F.      "Confidential Material" are materials, documents, or information whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party in good faith believes contain information that is and/or concerns: (1) confidential, sensitive, competitive, or potentially invasive of privacy interests, (2) not generally known, and (3) not normally revealed to the public or third parties, or, if disclosed to third parties, is such that the Producing Party would require such third parties to maintain the information in confidence.

G.      "Highly Confidential—Attorneys' Eyes Only Material" are materials, documents, or information, whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is not publicly available and that the Designating Party in good faith believes contain information that is commercially or competitively sensitive and/or concerns: (1) proprietary research and development and/or sensitive technical information; (2) sensitive business information, including financial data or

marketing studies/analyses; market, consumer, and/or demographic research; sensitive financial information or marketing plans and forecasts; customer lists; pricing data; cost data; customer orders, or customer quotations; financial information (including budgeting, accounting, sales figures and advertising expenditures); sensitive business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents); (3) technical information, including technical analyses or comparisons of competitor's products or services; and/or internal product specifications; (4) personal health or medical information; (5) an individual's personal credit, banking or other financial information; and/or (6) Trade Secrets (as defined below); which, in the good faith judgment of the Designating Party, requires protection beyond that afforded to Confidential Material.

H.     "Highly Confidential—Outside Counsel Eyes Only Material" are materials, documents, or information whether in written, oral, electronic, graphic, audiovisual, or any other form, comprising or containing information that is highly commercially or competitively sensitive and/or concerns: (1) sensitive marketing research; and/or (2) strategic and product/service expansion plans, future business plans, and future business strategies; which, in the good faith judgment of the Designating Party, requires the utmost protection and sensitivity.  This is a designation that shall be used sparingly, as appropriate.

I.     "Receiving Party" is a Party that receives Disclosure or Discovery Material from a Producing Party.

J.     "Producing Party" is a Party or non-party that produces Disclosure or Discovery Material in this Action.

K.      "Outside Counsel" means attorneys who are not employees of a Party or its affiliates but who are retained to represent or advise a Party in this Action, as well as such attorneys' support staffs.

L.      "In-House Counsel" means attorneys who (i) are employees of a Party or its affiliates, (ii) employed for the purpose of providing legal advice and services, and (iii) in the course of such employment, regularly provide legal advice or services as part of their job duties, as well as such attorneys' support staffs employed by the same Party or affiliate(s).

M.      "Counsel" (without qualifier) means Outside Counsel and In-House Counsel.

N.      "Expert" is a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as a testifying or consulting expert for purposes of this Action and who is not a current employee of a Party or its affiliates.

O.      "Professional Vendors" means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; jury and trial consultants; etc.) and their employees and subcontractors.

P.      "Trade Secrets" means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (i) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  For the avoidance of doubt, the Parties reserve all rights with respect to whether any particular Discovery or Disclosure Material actually constitutes a trade secret under any applicable law.

## II.    SCOPE

Any Protected Material may not be disseminated or disclosed (in whole or in part) outside the parameters of the Order.

## III.   DURATION

Even after the termination of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) business days after the final adjudication of this Action including appeals (or resolution through settlement), each Receiving Party shall destroy all Protected Material that it received and submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) business day deadline that confirms that all the Protected Material was destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  As used in this provision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, deposition and hearing transcripts, written discovery responses, legal memoranda, correspondence (including email), and attorney work product, even if such materials contain Protected Material, provided that all such documents will subject to the continuing obligations imposed by this Order.  Each Receiving Party shall also ensure that any Protected Material that was provided by it to any Expert and/or Professional Vendor has been destroyed, and that such Expert and/or Professional Vendor has not retained any copies of such Protected Material, and shall confirm the same to

5

the Producing Party (and if not the same person or entity, to the Designating Party) by the sixty (60) business day deadline.

## IV.    DESIGNATION OF MATERIALS

A.    Each Party or non-party who produces Disclosure or Discovery Material in the course of discovery in this Action may designate such Material as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material only if it believes in good faith that the Material satisfies the definition of Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material as set forth in Paragraphs I.E., I.F., and I.G.

B.    The producing Party or Designating Party shall mark the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" on the face of each document and each page so designated at the time it is produced, disclosed, or served, or, in the case of material contained in or on media other than paper, by affixing such a label to the information or by using its best efforts to identify the information as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material.

C.    Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" conspicuously on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection only to the inspecting Party's Outside Counsel shall be deemed Highly Confidential—Outside Counsel Eyes Only Material.  After the inspecting Party's Counsel have identified the documents they want copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, and then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY") conspicuously on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY").

(b)     <u>for testimony given in deposition or in other proceedings</u>, designation of the transcript or portion of the transcript (including exhibits) which contains Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material shall be made within thirty (30) business days after receipt of the final transcript by notifying all Parties in writing of the transcript(s) and/or page and line numbers which have been so designated.  Counsel for Parties, during the course of a deposition or in other proceedings, may indicate on the record when Confidential Material, Highly Confidential—

Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel's Eyes Only Material is being discussed, which shall likewise thereafter be entitled to protection pursuant to this Protective Order.  Otherwise, in the absence of agreement on the record or in writing, or an order of the Court to the contrary, all testimony given in deposition or in other proceedings shall be deemed Confidential Material until the expiration of the aforementioned thirty (30) business days.

Where, in good faith, it is anticipated by Counsel for the Party or non-party who is testifying that the response to a question or series of questions could qualify as Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel's Eyes Only Material, then Counsel for the Parties shall confer in good faith about how to adequately protect the Protected Material from improper disclosure, including, to the extent appropriate, excluding individuals from the deposition solely for the duration of the questioning concerning the Protected Material.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix, in a prominent place on the exterior of the container or containers in which the information or item is stored, the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL— ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY."

D.     In the event that a Party desires to designate specific answers or responses to interrogatories or requests for admission as Confidential Material, Highly Confidential—

Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material, the Party shall insert the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" in brackets at the beginning of the specific answer or response, or shall otherwise prominently specify in writing on the face of the relevant document(s) which answers or responses have been so designated.

E.     If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party may withdraw a "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" designation and must promptly notify all other Parties that it is withdrawing the mistaken designation.

F.     A Party's inadvertent failure to designate Material it produces as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" shall not be deemed a waiver or otherwise preclude the producing Party from designating such Material as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" at a later date, provided that written notice is provided to all non-producing Parties within seven (7) days of discovery of the inadvertent failure to designate.  Disclosure of such Disclosure or Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of the Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will

take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Disclosure or Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Disclosure or Discovery Material and advising the person to whom disclosure was made that the material is confidential and must be treated as provided in this Order.  Once notified in writing of a Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material designation, such Material shall be treated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material from that time forward, subject to all other provisions of this Order.

G.     A Party that issues a non-party subpoena shall include a copy of this Protective Order with the subpoena and state that the Parties in the Action have requested that third parties produce Documents in accordance with the specifications set forth herein.  Any third party from which discovery is sought may elect to be bound by the terms of this Protective Order, after which point such third party may designate Disclosure or Discovery Materials as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material pursuant to the terms set forth above.

## V.     USE AND HANDLING OF MATERIAL

A.     Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, and Highly Confidential—Outside Counsel Eyes Only Material shall be used only for purposes of preparing for, litigating, or attempting to settle this Action (including appeals) and not for any other action or other purpose, whether or not that litigation involves Parties to this case.  Protected Material shall be maintained by the Receiving Party at a location and under circumstances reasonably designed to ensure compliance with this Order, and the Receiving Party shall protect the confidentiality of Protected Material using procedures that are no less stringent than the

measures used to protect the Receiving Parties' own Protected Material or similar confidential material.  Notwithstanding the foregoing, the Parties recognize that they and/or their affiliates are parties to a related and pending opposition proceeding before the Trademark Trial and Appeal Board, Opposition No. 91265038 (the "Opposition Proceeding"), which has been suspended in favor of this Action.  If the Opposition Proceeding resumes, the Parties shall meet and confer to discuss in good faith whether interests of efficiency and economy warrant use of Disclosure or Discovery Material produced in this Action in connection with the Opposition Proceeding, subject to the same or materially similar confidentiality terms as those set forth in this Protective Order.

      B.     Confidential Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than:

1. The Parties and their affiliates, and the officers, directors, and employees of the Parties and their affiliates to whom disclosure is reasonably necessary for this Action;

2. Outside Counsel;

3. The Court and its support personnel;

4. Stenographers, court reporters, and videographers and other persons engaged in recording or transcribing hearings, trial testimony, or to transcribe depositions conducted in the Action;

5. During their depositions, witnesses in the Action to whom disclosure is reasonably necessary;

6. Experts;

7. Any arbitrator, mediator, or special master retained by the Parties or appointed by the Court, and employees of such arbitrator, mediator or special master to the extent their participation is reasonably necessary;

8. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

9. Any person that counsel for a Party believes, in good faith, may be called to testify at trial or deposition in this action, provided that such person has first executed the Acknowledgment attached hereto as Exhibit A;

10.     Mock jurors engaged by the Parties and/or their consultants in preparation for trial, provided that (i) no Party will use any mock juror who knows any person employed or affiliated with either Party to this Action or their affiliates; and (ii) mock jurors will not be allowed to retain any tangible materials that contain or disclose any Protected Material, and (iii) mock jurors first agree in writing to maintain the confidentiality of any materials and information provided to them in connection with being a mock juror;

11.     Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this Action and in accordance with the vendor's ordinary operating procedure; and

12.     Others, if the Designating Party so agrees in writing or, for good cause shown in a noticed motion, the Court so permits.

C.      Highly Confidential—Attorneys' Eyes Only Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than the persons identified in Subparagraphs V.B.2, V.B.3, V.B.4 (provided that such person has first executed the Acknowledgment attached hereto as Exhibit A), V.B.5, V.B.6 (provided that such person has first executed the Acknowledgment attached hereto as Exhibit A), V.B.7, V.B.8, V.B.9 (provided that such person has first executed the Acknowledgment attached hereto as Exhibit A), V.B.10, V.B.11, and V.B.12 (provided that such person has first executed the Acknowledgment attached hereto as Exhibit A).  In addition, each Party may designate up to three (3) members of its or its affiliates' In-House Counsel, identified in Exhibit B to this Order, who may receive Highly Confidential—Attorneys' Eyes Only Material, provided that such In-House Counsel has first executed the Acknowledgment attached hereto as Exhibit A.

D.      Highly Confidential—Outside Counsel Eyes Only Material shall not be revealed or disclosed, directly or indirectly, in any manner or in any form, to any person, entity, or judicial tribunal other than the persons identified in Subparagraphs V.B.2, V.B.3, V.B.4 (provided that such person has first executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A), V.B.5, V.B.6 (provided that such person has first

executed the Acknowledgment attached hereto as Exhibit A), V.B.7, V.B.8, V.B.9 V.B.10, V.B.11, and V.B.12 (provided that such person has first executed the Acknowledgment and Agreement to Be Bound in the form attached hereto as Exhibit A).

E.      Prior to disclosing Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material to a Receiving Party's proposed Expert, the Receiving Party must provide to the Producing Party a signed Acknowledgement and Agreement to Be Bound in the form attached hereto as Exhibit A, the resume or curriculum vitae of the proposed Expert, and the Expert's business affiliation.  The Producing Party will thereafter have ten (10) business days from receipt of the signed acknowledgment to object to any proposed Expert; provided that, if the Producing Party has determined that it does not have any objection, it shall promptly inform the Receiving Party. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection.  If the Producing Party fails to object within ten (10) business days, the Receiving Party may share Protected Materials with the proposed Expert.  If the Parties are unable to resolve any objection within five (5) calendar days of receipt of the written objection, the Receiving Party may apply to the Court to resolve the matter.  There will be no disclosure to any Expert during the ten (10) business day objection period, unless that period is waived by the Producing Party (*e.g.*, by the Producing Party stating that it has no objection), or if any objection is made, until the Parties have resolved the objection, or the Court has ruled upon any resultant noticed motion.  Disclosure of the identity or other information concerning any Expert pursuant to this paragraph shall not constitute waiver of any work product protection, attorney-client privilege, or any other applicable privilege or defense.

F.      A copy of all Acknowledgements required to be executed under this Paragraph V shall be retained by counsel disclosing Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material until the conclusion of this litigation, including all appeals.  If Highly Confidential—Attorneys' Eyes Only Material or Highly Confidential—Outside Counsel Eyes Only Material is to be disclosed during a deposition, the agreement to be bound to this Protective Order may be made on the record and under oath, rather than through execution of Exhibit A.

G.      No person to whom Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material is disclosed may disclose such Material to any person other than those persons described in Paragraph V.B., V.C., and V.D above.

H.      All persons who have access to Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material at any time shall take all precautions necessary to prohibit access to such Material other than as provided for herein.

I.      If Protected Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized to receive such Protected Material under this Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Protected Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgement and Agreement to be Bound in the form shown in Exhibit A.

J.      In the event a Party produces two or more identical copies of discovery material and any copy is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY" while other copies are not so designated, all such identical discovery material shall be treated as designated whichever of the conflicting designations affords the greatest protection.

K.      <u>Challenging Designations</u>:  Any Party may challenge a designation of Material as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material at any time after the designation has been made.  A Party may submit a challenge by providing written notice to the Designating Party of the reasons for the objection.  The Parties shall attempt to resolve in good faith any such challenge informally.  If the Parties cannot resolve the challenge within ten (10) business days of a Party's written notice of objection, the Party challenging the designation may file an appropriate, noticed motion requesting that the Court determine whether the disputed information should remain subject to the terms of this Protective Order.  If a motion is filed, the disputed Material shall continue to be treated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material under this Protective Order until such time as the Court rules on the motion.  If no motion is made, the information shall continue to be treated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material.  A Party shall not be obligated to challenge the propriety of any designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  At all times, the burden shall be on the Producing Party to demonstrate why the confidentiality designation at issue is warranted.

L.      Filing Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material:  Whenever a Party seeks to file with the Court any Material designated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material, or any papers containing or revealing such information, the filing Party shall file such Material in compliance with any applicable local rules and the Court's Individual Practices.  To the extent it does not conflict with such rules, the filing Party shall contemporaneously (i) take appropriate steps to ensure the continuing confidentiality of the Protected Material; (ii) file on ECF a redacted copy of the same, together with redacted versions of the notice of motion, briefing and any supporting materials, (iii) submit unredacted copies to the Court, and (iv) serve upon the other Parties unredacted copies of such materials. Nothing in this Paragraph, however, shall preclude a Party from filing Material that the Party itself has designated as Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material in unredacted form.  If a Party or non-party delivers any Protected Material to the Court, such delivery will comport with all applicable Court rules.

M.      Disclosure at Trial:  A Party's listing of any Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material on an exhibit list places all Parties on notice that the document may be offered at trial.  A Court ruling on the confidentiality for purposes of use at trial, including appeal, shall supersede this Protective Order.

## VI.    INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

A.      Pursuant to Fed. R. Evid. 502(d), any inadvertent disclosure of privileged information or documents in response to any discovery production, including Rule 26(a)(1)

disclosures and agreed document productions, shall not constitute or be deemed a waiver or forfeiture of any claim of attorney-client privilege, work product production or any other applicable privilege in this case, or in any other court, legal proceeding or other respect.

B.      If, in connection with this Action, a Party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege, the work-product doctrine, the joint defense or common interest privilege or doctrine, the bank examination privilege, or any other applicable privilege, immunity, or protective doctrine ("Inadvertently Disclosed Information"), and a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the receiving Party (the "Receiving Party") shall, within five (5) business days, (i) return, sequester or destroy all copies of the Inadvertently Disclosed Information and provide a written certification of counsel that all such Inadvertently Disclosed Information has been returned, sequestered or destroyed (including, without limitation, all originals and copies of any documents containing or comprising such information), (ii) refrain from any further use or disclosure of the Inadvertently Disclosed Information; and (iii) take reasonable steps in good faith to retrieve any copies of the Inadvertently Disclosed Information disclosed in accordance with this Protective Order prior to receiving notice.  Destruction of the information by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the information is, in fact, properly subject to a claim of privilege, protection, or immunity, nor shall it foreclose the Receiving Party from moving for an order that such information has been improperly designated as subject to a claim of privilege, protection, or immunity or should be produced for reasons other than a waiver caused merely by the production.

C.      In the event of a dispute as to the basis for a Disclosing Party's claim that the documents or information contains Inadvertently Disclosed Information, or as to the basis of any

claim of privilege, the Receiving Party shall first meet and confer with the Disclosing Party in a good faith effort to resolve the disagreement.  If the Disclosing Party and Receiving Party are unable to resolve their disagreement within five (5) business days after the Parties meet and confer regarding the disagreement, the Receiving Party shall provide to the Disclosing Party written notice of the dispute, which shall memorialize the Parties' prior attempt to resolve their disagreement.  The Receiving Party disputing the claim that Discovery Material is or contains Inadvertently Disclosed Information may request that the Court enter an order compelling production of the material within 30 days after said written notice of its disagreement.  No Party shall use any Inadvertently Disclosed Information, or information gleaned from any Inadvertently Disclosed Information, in connection with this Action or for any other purpose, except that the Receiving Party may present the inadvertently produced materials to the Court under seal for a determination of the claim.  Should a dispute arise, all Parties other than the Disclosing Party may sequester the Inadvertently Disclosed Information and any copies they have, rather than destroy or return the Inadvertently Disclosed Information, until such dispute is resolved.

## VII.   NO WAIVER OF OBJECTIONS

A.      Nothing in this Order shall be interpreted to compel disclosures of information or as a waiver by any Party of any objections to the discoverability, admissibility, or confidentiality of Documents or information contained therein.

## VIII.   GENERAL PROVISIONS

A.      This Protective Order may be modified or amended by agreement of the Parties with the approval of the Court.  To the extent that the Parties fail to agree on a modification proposed by any Party, nothing contained herein shall be deemed to preclude any Party from moving the Court, for good cause shown, for a ruling that modifies this Protective Order in any respect.

B.      This Protective Order shall not be construed as waiving any right to assert a claim of privilege or objection as to relevance, admissibility, or other grounds for not producing discovery potentially falling under the scope of this agreement.  Nor shall this Order prevent any Party from objecting to discovery that it believes to be otherwise improper or to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Protective Order.

C.      This Protective Order shall survive and continue to be binding after the conclusion of this Action, and this Court shall retain jurisdiction to enforce the provisions of this Protective Order.

D.      Notices.  All notices and written certifications required by this Order are to be served by email on all Outside Counsel of record for the applicable Party.  The date by which a Party to this Action receiving a notice shall respond, or otherwise take action, shall be computed from the date the email was sent, unless the email was sent after 5:00pm Eastern Time, in which case it shall be computed from the next day.

E.      Redactions.  The Parties agree that no Party may redact or withhold a document exclusively on the basis that it contains Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material.

F.      No Contract.  To the extent that the Parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an Order.  The Parties' stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective Counsel.

G.      Effective Date.  This Order shall be effective on the date the Court "So Orders" it, after which the Parties may produce documents and information and designate the material as

either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL EYES ONLY."

  H.  Subpoenas of Materials.  In the event that Confidential Material, Highly Confidential—Attorneys' Eyes Only Material, or Highly Confidential—Outside Counsel Eyes Only Material are sought from a receiving Party pursuant to a subpoena, document requests, court order, or other law or legal process, such party shall provide the Producing Party with written notice promptly and in no event more than seven (7) days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

    The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Order.  In addition, the Receiving Party must deliver a copy of this Order promptly to the Party in the other action that caused the subpoena or order to issue.

    The Designating Party shall bear the burden and the expense of seeking protection in that court of its confidential material.

SO STIPULATED AND AGREED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| */s/ A. John P. Mancini* | */s/ Douglas R. Nemec* |
| A. John P. Mancini | Douglas R. Nemec |
| Kristine M. Young | Jordan A. Feirman |
| Jonathan Webster Thomas | David M. Lamb |
| Daniel Michael Rosales, Jr. | SKADDEN, ARPS, SLATE, MEAGHER |
| MAYER BROWN LLP | & FLOM LLP |
| 1221 Avenue of the Americas | One Manhattan West |
| New York, NY 10020 | New York, NY 10001 |
| Tel: (212) 506-2500 | Tel: (212) 735-3000 |
| Fax: (212) 262-1910 | Fax: (212) 735-2000 |
| Email: jmancini@mayerbrown.com | Email: Douglas.Nemec@skadden.com |
| kyoung@mayerbrown.com | Jordan.Feirman@skadden.com |
| jwthomas@mayerbrown.com | David.Lamb@skadden.com |
| drosales@mayerbrown.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

SO ORDERED.

Dated: October 11    , 2022

_____

ROBERT LEHRBURGER, U.S.M.J.

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- x
                                              :
NESPRESSO USA, INC.,                          :        Case No. 1:22-cv-02209 (CM) (RWL)
                                              :
             Plaintiff,                       :
                                              :
                  v.                          :
                                              :
PEET'S COFFEE, INC.,                          :
                                              :
             Defendant.                       :
                                              :
-------------------------------------------------------- X
```

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**
**AND AGREEMENT TO BE BOUND**

I hereby acknowledge that I, _____, am about to receive

information that is being supplied by one or more of the parties in the case of *Nespresso USA, Inc.*

*v. Peet's Coffee, Inc.*, No. 1:22-cv-02209 (CM) (RWL), pending in the United States District Court

for the Southern District of New York.  I understand that the information is subject to the terms of

a Protective Order.  I hereby certify my understanding that such information is being provided to

me pursuant to the terms and restrictions of the Protective Order.  I have been given a copy of said

Protective Order, have read it in its entirety, and agree to be bound by its terms.  I understand that

information and any documentary material covered by the Protective Order that I am provided or

obtain (which includes any notes or other record that I make of such material) must not be disclosed

to others, except those listed in paragraph V.B., V.C., or V.D. of the Protective Order under the

terms set forth therein.

I further agree to submit to the jurisdiction of the United States District Court for the

Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this Action.


Signature: _____

Print Name: _____

Date: _____

EXHIBIT B

Subject to Paragraph V.C, the Parties designate the following In-House Counsel:

|  | Access to Confidential and Highly Confidential—Attorneys' Eyes Only Material |
|---|---|
| For Nespresso USA, Inc.: | Doug Besman<br><br>Christa Cole<br><br>Anna Marciano |
| For Peet's Coffee, Inc.: | Kristin Ashurst<br><br>Louise Smith<br><br>Khaled Rabbani |