# MAYER|BROWN

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/14/2022

Mayer Brown LLP
1221 Avenue of the Americas
New York, New York 10020

Main Tel +1 212 506 2500
Main Fax +1 212 262 1910
www.mayerbrown.com

**A. John P. Mancini**
Direct Tel +1 212 506 2295
Direct Fax +1 212 849 5895
jmancini@mayerbrown.com

November 9, 2022

**VIA ECF**

The Honorable Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street Room 24A
New York, NY 10007-1312

*[Handwritten note: 11/10/2022 — I am sending you to the Magistrate Judge for resolution of this dispute. CM]*

Re:   *Nespresso USA, Inc. v. Peet's Coffee, Inc.*, 1:22-cv-02209-CM-RWL

Dear Judge McMahon:

**MEMO ENDORSED**

I write on behalf of Plaintiff Nespresso USA, Inc. ("Nespresso") in response to Peet's November 3, 2022 Motion for Leave to file a Supplemental Reply in Further Support of its Partial Motion to Dismiss Pursuant to FED. R. CIV. P. 12(b)(6) (the "Motion") and in furtherance of the Court's November 7, 2022 Order (Dkt. 51). As an initial matter, Nespresso will promptly amend its answer to Request for Admission 21 to "Admit." In doing so, we should note that Peet's improperly sought this Court's intervention while the parties were meeting and conferring on their various discovery disputes and at a point when Nespresso was preparing amended RFA responses, including to RFA 21.

By way of background, Peet's propounded 79 Requests for Admission ("RFAs"), 47 Requests for Production ("RFPs"), and 9 Interrogatories. To date, Nespresso propounded 90 RFPs and 5 Interrogatories. The parties met and conferred on Peet's 79 RFAs on October 21, 2022, after which Nespresso informed Peet's that it would reissue a revised set of RFA responses. The parties scheduled a further meet and confer regarding deficiencies Nespresso identified in Peet's discovery responses to Nespresso's RFPs. As a result, it is disingenuous, at best, for counsel for Peet's to indicate to this Court that "the parties have confirmed they are at an impasse." Dkt. 50 at 2. No such impasse has been confirmed, and Peet's has improperly burdened Your Honor with this issue, in violation of Your Individual Practices, which require parties to meet and confer and raise discovery disputes with the assigned Magistrate Judge (V.B). Nespresso respectfully requests that the Court direct Peet's to adhere to the Court's Individual Practices and only after a full and fair opportunity to meet and confer and issue any revised discovery responses.

Against that background, and as noted above, Nespresso will revise its answer to RFA 21 to "Admit." Nonetheless, Nespresso notes that the Court should deny Peet's outstanding Motion—for which Peet's does not cite any authority for filing—as procedurally and substantively improper.

In addition to violating this Court's Individual Practices concerning discovery disputes, Peet's

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including
Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)
and Tauil & Chequer Advogados (a Brazilian partnership).

Motion violates § V of the same, which does not permit sur-replies. *See, e.g., Collins v. Giving Back Fund*, 2019 WL 3564578, at *2 (S.D.N.Y. Aug. 6, 2019) (McMahon, J.) (refusing to consider sur-reply, striking it from the record on a motion to dismiss, stating "I suggest that, in the future, if these lawyers intend to litigate in federal court, they learn the rules and abide by them"); *United States v. Carton*, 2018 WL 4360781, at *2 (S.D.N.Y. Sept. 6, 2018) (McMahon, J.) ("I do not accept surreplies[.]"). Yet that is precisely what Peet's self-styled Supplemental Reply Brief is, as Peet's seeks not to add to—*i.e.*, supplement—the arguments in its reply brief but rather to introduce Nespresso's prior answer to RFA 21 "to respond to an argument in Nespresso's Opposition." Dkt. 50 at 2, n.2. But even if this Court construes Peet's proposed filing as a supplemental brief, it still is improper, as there has been no change in the controlling law governing FED. R. CIV. P. 12(b)(6) since Peet's filed its reply brief. *But see Centurion v. Holder*, 755 F.3d 115, 124 n. 1 (2d Cir. 2014) ("*Vartelas* was decided on March 28, 2012, after Centurion's opening brief was filed. Centurion promptly moved for leave to file a supplemental brief to address the impact of *Vartelas* on our precedent. We granted that motion on October 5, 2012, and we consider Centurion's supplemental brief here.").

There also are several substantive reasons for denying Peet's Motion, which we briefly preview herein. For example, a motion brought under FED. R. CIV. P. 12(b)(6) tests the plausibility of a plaintiff's claims. Resorting to discovery responses to try and establish that allegations are "inadequa[te]," as Peet's improperly protests (Dkt. 50-1 at 6), is impermissible. Indeed, as the Second Circuit held in *Chambers v. Time Warner, Inc.*, the "[c]onsideration of extraneous material in judging the sufficiency of a complaint is at odds with the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), which requires only that the complaint contain a 'short and plain statement of the claim showing that the pleading is entitled to relief.'" 282 F.3d 147, 154 (2d Cir. 2002) (reversing dismissal at pleading stage where district court considered "extrinsic evidence") (quoting FED. R. CIV. P. 8(a)(2))); *see also Bah v. Apple Inc.*, 2021 WL 4084500, at *4 (S.D.N.Y. Sept. 8, 2021) ("Discovery has been ongoing for [] months, yet the fruits of discovery are not permissibly considered on this motion to dismiss.").[1]

For these reasons, Nespresso respectfully requests that the Court deny Peet's Motion. To the extent the Court grants Peet's Motion and considers the "extraneous material" in Peet's proposed Supplemental Reply Brief, Nespresso respectfully requests that the Court grant Nespresso leave to file a substantive response thereto. *Chambers*, 282 F.3d at 154; *see also* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

---

[1] As another example, Peet's ignores that, even if Nespresso's amended answer to RFA 21 was properly before the Court at the pleading stage, it would be of no utility to this Court when ruling on Peet's Partial Motion to Dismiss. Indeed, whether the indentations at the top of the parties' capsules are identical does not speak to whether the Complaint provides Peet's with sufficient notice to admit or deny the allegations in the Complaint. To do so, Peet's need only read and view paragraphs 17-20 of the Complaint, wherein Nespresso provides a detailed articulation and visual examples of the elements that come together to form the overall Original NESPRESSO Capsule Trade Dress, which is more than sufficient to pass muster under FED. R. CIV. P. 8(a)(2), *Iqbal*, and *Twombly*. *See* Doc. No. 34 at 8-11 (collecting cases). Likewise, Peet's putative experts can do the same to "know what trade dress they are supposed to be analyzing […]." Dkt. 50-1 at 4.

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership) and Tauil & Chequer Advogados (a Brazilian partnership).

We thank this Court for its time and consideration.

Respectfully submitted,

*[signature]*

A. John P. Mancini

Cc: Counsel of Record (via ECF).

Mayer Brown is a global services provider comprising an association of legal practices that are separate entities including Mayer Brown LLP (Illinois, USA), Mayer Brown International LLP (England), Mayer Brown (a Hong Kong partnership)