```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NESPRESSO USA, INC.                            :
                                               :    22-CV-2209 (CM) (RWL)
                    Plaintiff,                 :
                                               :
        - against -                            :    ORDER
                                               :
PEET'S COFFEE, INC.                            :
                                               :
                    Defendants.                :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/23/2023

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

On January 31, 2023, this Court granted Defendant's motion to compel Plaintiff to produce its licensing agreement with Starbucks. (Dkt. 63.) On February 14, 2023, Plaintiff moved for reconsideration. (Dkt. 69.) On February 16, 2023, the Court ordered that Plaintiff submit the Starbucks agreement for in camera review. (Dkt. 73.) Plaintiff did so, and the Court has now reviewed the agreement.

As the Court indicated in its February 16th order, the Court did not overlook any of the information recited in the motion for reconsideration, including Judge Parker's ruling on the same issue in a different case. Further, the Court agrees with Defendant that, principally for the reasons stated in Defendant's letter of February 15, 2023 (Dkt. 72), the arguments made by Plaintiff in support of reconsideration are meritless.

That said, having now reviewed the Starbucks Agreement, the Court modifies its January 31, 2023 order. The Starbucks agreement is an in-bound licensing agreement in which Plaintiff licensed the Starbucks trademark. There is little in the agreement that is relevant to the instant litigation. The agreement is implicated in the litigation because in its First Amended Complaint ("FAC," Dkt. 64), Plaintiff alleged that its advertising,

1

marketing, and promotional efforts included, among many other items, "a partnership with a famous third-party coffee brand." (FAC ¶ 30.) The agreement thus is but one example of several referenced by Plaintiff to demonstrate the strength and recognition of its Nespresso trademark. The agreement therefore remains relevant. After all, Plaintiff could have removed reference to the Starbucks agreement in the FAC if it did not want to expose the agreement to potential discovery. But the agreement's relevance is relatively minor given everything else alleged and the issues actually in dispute.

Accordingly, Plaintiff must still produce the Starbucks agreement but in doing so Plaintiff may (1) designate its production for outside attorney's eyes only under the protective order governing confidential information; (2) redact specific highly sensitive information such as the licensing fee(s) paid or to be paid, names of entities with whom either party to the agreement does or plans to do business, provisions revealing future plans, etc.; and (3) withhold production of all schedules to the agreement except for the trademark licensing agreement. However, Plaintiff may not redact any provisions (if there are any) concerning the trade dress of Plaintiff's single-serve pods or use or protection of Plaintiff's Nespresso trademark.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 23, 2023
       New York, New York

Copies transmitted this date to all counsel of record.